**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**BROWARD DIVISION**

THERESE DALLAIRE RODRIGUEZ,        CASE NO: 0:22-cv-60329

      Plaintiff,

v.

WALMART INC.,

      Defendant.

_____/

## <u>DEFENDANT WALMART INC.'S NOTICE OF REMOVAL</u>

Defendant WALMART INC. ("Walmart"), through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 17th Judicial Circuit Court in and for Broward County, Florida, Case No. CACE 22-000087, with full reservation of rights, exceptions and defenses, and in support thereof states:

### I.    <u>FACTUAL BACKGROUND</u>

1.    On or about December 31, 2021, Plaintiff commenced this action by filing a Complaint against Walmart in the 17th Judicial Circuit Court in and for Broward County, Florida. *See* Pl.'s Compl. attached as **Ex. A**.

2.    The Complaint was served on January 13, 2022. *See* Service of Process attached as **Ex. B**.

3.    Plaintiff alleges a claim for negligence against Walmart as a result of injuries she allegedly sustained on May 27, 2019, while at the subject Walmart premises. *See* Ex. "A" at ¶13.

4.    Specifically, Plaintiff alleges that she was walking near the checkout lanes when she tripped and fell because the floor was "uneven creating a raised wedge." *Id.* at ¶14.

5.    Plaintiff alleges she is a resident of Broward County, Florida. *Id.* at ¶2.

CASE NO: 0:22-cv-60329

6.      On or about June 11, 2021, prior to filing the instant lawsuit, Plaintiff submitted a pre-suit demand letter which indicated that Plaintiff suffered injuries as a result of the incident. Based on Plaintiff's alleged injuries and medical bills incurred the Plaintiff offered to settle the claim for $250,000.00. *See* Pre-Suit Demand Letter attached as **Ex. C**.[1]

7.      This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

8.      Walmart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 17th Judicial Circuit in and for Broward County together with a docket sheet from the Clerk of the Court. *See* attached as Composite **Ex. D**.

9.       Walmart reserves the right to amend all defenses and objections in this action after the action is removed to this Court.

## II.    **REMOVAL IS TIMELY**

10.      In accordance with 28 U.S.C. § 1446(b)(1), Walmart files this Notice of Removal within thirty days of the date that it received a copy of Plaintiff's Complaint. Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty day period commenced on January 13, 2022, when Plaintiff served her Complaint.

11.      Prior to the service of Plaintiff's Complaint, Plaintiff sent Walmart a written pre-suit demand outlining Plaintiff's claimed damages inclusive of actual medical expenses in connection with the alleged incident.

---

[1] Walmart has not filed the entire complement of medical records which Plaintiff submitted with her pre-suit demand letter in order to protect the Plaintiff's personal information pursuant to the Court's Administrative Procedures, 6B. Should the Court wish to see these documents, Walmart will provide same for an *in camera* inspection.

CASE NO: 0:22-cv-60329

12.     Venue exists in the United States District Court for the Southern District of Florida because the 17th Judicial District in and for Broward County, where Plaintiff filed her state court Complaint is located in Broward County Florida, which is located within the United States District Court for the Southern District of Florida.

### III.     THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

13.     Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

### A.     Citizenship of THERESE DALLAIRE RODRIGUEZ

14.      Plaintiff is a resident of Broward County, Florida. *See* Ex. A. Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

15.     Plaintiff's Broward County, Florida residence is prima facie evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

### B.     Citizenship of WALMART INC.

16.     Defendant is, and was at the time the Complaint was filed, a corporation organized and existing under the laws of Delaware with its principal place of business in Arkansas. Accordingly, Defendant is a citizen of Delaware and Arkansas for purposes of determining this Court's subject matter jurisdiction. *See* 28 U.S.C. §1332(c). Because Defendant is a citizen of Delaware and Arkansas and Plaintiff is not, complete diversity of citizenship exists. *See* 28 U.S.C.

CASE NO: 0:22-cv-60329

§1332; *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F. 3d 1242 n.2 (11ᵗʰ Cir. 2005) (party establishes diversity by showing that parties are not citizens of the same state). *See* Florida Department of State, Division of Corporations, Detail by Entity Name attached as **Ex. E**.

### IV.    <u>AMOUNT IN CONTROVERSY</u>

17.    The amount in controversy exceeds $75,000.00. On the face of Plaintiff's Complaint, she alleges that "[t]his is an action for damages in the amount of $600,000.00." *See* Ex. "A" ¶1. Furthermore, it is clear from Plaintiff's pre-suit demand that her claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

18.    "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

19.    The relevant portions of Plaintiff's itemized and specifically detailed pre-suit demand conclusively establish that the amount in controversy exceeds the $75,000.00

CASE NO: 0:22-cv-60329

jurisdictional minimum. Plaintiff's June 11, 2021 pre-suit demand letter estimates damages in the instant matter to be at least $250,000.00. *See* Ex. C.

20.   In addition to Plaintiff's alleged medical condition, Plaintiff's Complaint alleges that mental distress and pain and suffering. *See* Ex. A at ¶28.

21.   These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

22.   For example, in *Katz v. J.C. Penney Corp.*, this Court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's pre-suit demand package. *Katz,* 2009 WL 1532129 at 4. The Court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff's pre-suit demand letter in this case, it was based on medical records provided by the plaintiff. *Id.*

23.   Here, Plaintiff's pre-suit demand letter which estimates Plaintiff's damages to be $250,000.00 is an honest assessment of her claimed damages as it is based on the following:

   a.   Plaintiff's past medical bills;

   b.   future medical care. *See Katz,* 2009 WL 1532129 at 4.

   c.   Mental distress;

   d.   Pain and suffering;

   e.   Loss of earnings; and

   f.   Loss of ability to earn money.

24.   The face of the Complaint and Plaintiff's pre-suit demand letter demonstrate that the claimed damages far exceed $75,000.00. Accordingly, Walmart has shown by a preponderance

Case 0:22-cv-60329-KMM   Document 1   Entered on FLSD Docket 02/11/2022   Page 6 of 7

CASE NO: 0:22-cv-60329

of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

### V.   **CONCLUSION**

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Walmart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Walmart will promptly give written notice to Plaintiff and the Clerk of the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida.

WHEREFORE, Defendant, WALMART INC., respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. CACE 22-000087, on the docket of the Court for the 17th Judicial Circuit in and for Broward County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Walmart is entitled.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By:     */s/ Christine M. Manzo*
        CHRISTINE M. MANZO
        Florida Bar No. 52121
        NICHOLAS G. NEVILLE
        Florida Bar No. 123893

6
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

Case 0:22-cv-60329-KMM   Document 1   Entered on FLSD Docket 02/11/2022   Page 6 of 7

CASE NO: 0:22-cv-60329

of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

### V.   **CONCLUSION**

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Walmart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Walmart will promptly give written notice to Plaintiff and the Clerk of the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida.

WHEREFORE, Defendant, WALMART INC., respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. CACE 22-000087, on the docket of the Court for the 17th Judicial Circuit in and for Broward County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Walmart is entitled.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By:     */s/ Christine M. Manzo*
        CHRISTINE M. MANZO
        Florida Bar No. 52121
        NICHOLAS G. NEVILLE
        Florida Bar No. 123893

6
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

CASE NO: 0:22-cv-60329

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this <u>11th</u> day of February, 2022, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF and will send a notice of electronic filing to the following: **Carissa Kranz, Esq.** (<u>ckranz@injurylegalfirm.com</u>), LAW OFFICES OF CARISSA KRANZ, *Attorneys for Plaintiff*, 3801 PGA Blvd., Suite 600, Palm Beach Gardens, FL 33410.

*/s/ Christine M. Manzo*
CHRISTINE M. MANZO

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400